UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                No.  10-CR-905-LTS

ARIEL PENA,

        Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received and reviewed Mr. Pena's motion for Compassionate Release pursuant to 18 U.S.C. § 3582 (Docket Entry No. 2322), and the parties' subsequent briefing (Docket Entry Nos. 2328 and 2350).  Mr. Pena seeks a reduction of his sentence to time served and a modification of his terms of supervised release to accommodate his proposed release plan.  (Docket Entry No. 2350.)

This Court has authority to reduce a defendant's sentence pursuant to 18 U.S.C. section 3582(c)(1)(A).  That provision provides in relevant part that

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the sentencing commission.

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through Pub. L. 116-163).  Until very recently, courts referred to U.S.S.G. § 1B1.13, Application Note 1 ("Note 1") as the applicable sentencing commission policy statement in connection with compassionate release motions.  Note 1 defines

"extraordinary and compelling reasons" by reference to three narrow sets of factual circumstances, and further provides that "[o]ther reasons . . . [a]s determined by the Director of the Bureau of Prisons" may constitute extraordinary and compelling reasons for reduction of a term of imprisonment.  U.S.S.G. § 1B1.13, Application Note 1.  Under that framework, this Court has previously engaged in a three-step inquiry, determining first whether the defendant had met the administrative remedy exhaustion requirement, then considering whether there were extraordinary and compelling reasons of the type contemplated by Note 1, and if so, whether any of the 18 U.S.C. section 3553(a) ("section 3553(a)) factors outweighed those extraordinary and compelling reasons.

On September 25, 2020, the United States Court of Appeals for the Second Circuit held that section 1B1.13, which by its terms addresses only sentencing reduction motions initiated by the Bureau of Prisons (the "BOP"), is not applicable to a motion brought by a defendant pursuant to 18 U.S.C. section 3582(c)(1)(A), as amended by the First Step Act of 2018.  U.S. v. Brooker No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020) (stating that the court reads the guideline provision as surviving the First Step Act amendments to section 3582(c)(1)(A) but as "applying only to those motions that the BOP has made.") Accordingly, Note 1 "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."  Id.  Because "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," the Court looks to the provisions of the statute itself to guide the exercise of its discretion.  Id. at *7.  18 U.S.C. section 3582(c)(1)(A) directs that the Court determine whether extraordinary and compelling reasons exist "after considering the factors set forth in section 3553(a) to the extent they are applicable."  Therefore,

after determining whether Mr. Pena has exhausted his administrative remedies,[1] the Court considers the section 3553(a) factors, and then determines whether those factors "in isolation or combination" establish that Mr. Pena's circumstances are sufficiently "extraordinary and compelling" to warrant a reduction of his sentence. Brooker, 2020 WL 5739712, at *9. The Court exercises its discretion in this regard "in the first instance," id., and is limited by the statute only to the extent that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C.A. § 994(t) (Westlaw through Pub. L. No. 116-163) (emphasis added). Mr. Pena has the burden of proving that an extraordinary and compelling reason exists. See U.S. v. Gotti, No. 2-CR-743 (CM), 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020).

> Section 3553(a) directs that the Court
>
> shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . [and] the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. . . .

18 U.S.C.A. § 3553(a) (Westlaw through Pub. L. 116-163). The Court considered these factors in connection with Mr. Pena's sentencing hearing on May 2, 2013. (Docket Entry No. 1112.) Several of these factors remain unchanged. The nature and circumstances of his offense remain

---

[1] Mr. Pena has exhausted his administrative remedies. On May 20, 2020, Mr. Pena requested that the Warden of FMC Lexington move to reduce his sentence based on the COVID-19 pandemic. (Docket Entry No. 2322, at 3-4.) On July 1, 2020, the Warden denied Mr. Pena's request. (Id. at 4.)

very serious, as the Court found that Mr. Pena participated in a conspiracy to distribute at least 1,000 kilograms of marijuana.  (Id.)  Mr. Pena's criminal history, on the basis of which the Court sentenced him as a career offender, and the apparent failure of earlier custodial sentences to deter Mr. Pena's criminal conduct also necessarily remain unchanged.  (Docket Entry No. 2328, at 6.)  The Court sentenced Mr. Pena to 192 months of imprisonment, followed by 8 years of supervised release.  (Docket Entry No. 1112.)  He asserts that his projected release date is July 29, 2023.  (Docket Entry No. 2350, at 1.)  The Government states that his projected release date is instead July 29, 2024.  (Docket Entry No. 2328, at 1.)  This discrepancy is not material to the Court's analysis of whether Mr. Pena has made the requisite demonstration of extraordinary and compelling circumstances warranting a reduction of his sentence.

In support of his argument that the section 3553(a) factors now present an extraordinary and compelling reason warranting a sentence reduction, Mr. Pena proffers three circumstances that have changed since the Court sentenced him: (1) the risks posed by the current COVID-19 pandemic, (2) his rehabilitation efforts during his time in custody, (3) and an allegedly unwarranted disparity that would result from denial of his motion.

Mr. Pena proffers that the COVID-19 pandemic presents an extraordinary and compelling risk to his health in light of his diagnosis of pre-diabetes and his medical history, which includes a collapsed lung in 2003.  (Docket Entry No. 2322, at 2; Docket Entry No. 2350, at 1.)  However, Mr. Pena has not proffered any support for his assertion that his current condition of pre-diabetes increases the risks posed by the COVID-19 pandemic.  Furthermore, pre-diabetes is not on the CDC's lists of health conditions that elevate, or may possibly elevate, the risks of contracting or suffering severe manifestations of COVID-19.  See People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html, (last visited 10/19/20) (listing Type I and Type II diabetes).  With regard to his respiratory health, Mr. Pena and his wife both assert that he suffered a collapsed lung in 2003.  (Docket Entry No. 2350, at 2.)  However, Mr. Pena's medical records do not reflect any current respiratory condition, see Docket Entry No. 2328, Exh. A, at 1 ("Pt with no health issues other than pre-diabetes"), and defense counsel concedes that Mr. Pena "has not had a recurrence of the lung problem."  (Docket Entry No. 2350, at 2.)  While defense counsel argues that "there is concern that prior collapse of his lung may prove to be a pre-existing condition that heightens his vulnerability" to COVID-19, id., mere speculation does not meet Mr. Pena's burden of demonstrating that there is currently a need to provide for his medical care that constitutes an extraordinary and compelling reason warranting a sentence reduction. [2]

       Mr. Pena also proffers that his rehabilitative efforts while in custody have been extensive.  (Docket Entry No. 2350, at 5.)  He has completed a substantial number of educational and vocational programs (id.), participates in the RDAP drug treatment program (id. at 5-6), and has worked as a dental apprentice for over a year.  (Id. at 6.)  However, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason."  28 U.S.C.A. § 994(t) (Westlaw through Pub. L. No. 116-163) (emphasis added).  The Court therefore considers Mr. Pena's rehabilitative efforts in combination with the other section 3553(a) factors, many of which have been altered by the pandemic.

       The sentence that the Court originally imposed has undoubtedly been made more severe by the pandemic and the BOP's response.  The Court takes this into account in assessing

---

[2]     Counsel has requested, but has not received, hospital records which could verify Mr. Pena's assertion that his lung collapsed in 2003.  (Docket Entry No. 2350, at 2.)  While there is a question as to the sufficiency of the evidence supporting the allegation that Mr. Pena has suffered a collapsed lung, the allegation, even taken as true, is insufficient to demonstrate that the 17-year-old occurrence indicates a heightened COVID-19 risk.

whether Mr. Pena's current sentence serves properly to advance the goals of just punishment, adequate deterrence, and promotion of respect for the law.  The health risks of continued confinement have likewise increased.  However, these changed circumstances are not unique to Mr. Pena, and therefore do not rise to the level of an extraordinary and compelling reason to reduce his sentence.  Mr. Pena's argument that denying his motion would create an unwarranted disparity between himself and certain high-profile defendants also does not alter the total mix of section 3553(a) factors, as Mr. Pena does not argue, much less demonstrate, that Paul Manafort, Michael Cohen, and Dean Skelos are similarly situated to him with respect to their offenses and prior criminal records.  Nor does Mr. Pena point to any defendants who are actually situated similarly to him for support of his argument that denying his motion would create an unwarranted sentencing disparity.

For the reasons stated above, Mr. Pena has not carried his burden of demonstrating that the section 3553(a) factors present an extraordinary and compelling set of circumstances warranting compassionate release because very little in his submission differentiates him from others in his facility.  Accordingly, his motion for a reduced sentence pursuant to 18 U.S.C. section 3582 is denied.  The Court will also enter an Order on Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release).

This order resolves Docket Entry Number 2322.

SO ORDERED.

Dated: New York, New York
October 19, 2020

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge